UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HECTOR CAMACHO, | ) | No. CV 10-9360-R(CW) |
| | ) | |
| Petitioner, | ) | ORDER SUMMARILY DISMISSING |
| v. | ) | PETITION |
| | ) | |
| TERRY GONZALES (Warden), | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

For reasons stated below, this petition is summarily dismissed.

### BACKGROUND

Although the pro se petitioner is a prisoner in custody under a state court judgment, the present petition does not challenge the legality of his conviction or sentence.  Instead, the present petition addresses conditions of confinement.  Petitioner seeks monetary damages on an Eighth Amendment medical claim.

### LEGAL STANDARDS

The court need neither grant the writ nor order a return if "it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243; see also Rules Governing

1 Section 2254 Cases, 28 U.S.C. foll. § 2254, Rule 4 (petition may be
2 summarily dismissed if petitioner plainly not entitled to relief);
3 Local Civil Rules, C.D. Cal., L.R. 72-3.2 (magistrate judge may submit
4 proposed order for summary dismissal to district judge if petitioner
5 plainly not entitled to relief).

6     This court has jurisdiction to "entertain an application for a
7 writ of habeas corpus on behalf of a person in custody pursuant to the
8 judgment of a State court" who alleges that such custody violates the
9 Constitution, laws, or treaties of the United States.  See 28 U.S.C.
10 §§ 2254(a), 2241(c)(3); also Preiser v. Rodriquez, 411 U.S. 475, 484,
11 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)(essence of habeas corpus is
12 attack by person in custody on legality of custody and traditional
13 function of writ is to secure release from illegal custody).  The
14 proper legal means by which to challenge conditions of confinement is
15 a civil rights action, and challenges to conditions of confinement
16 (rather than legality of custody) are not cognizable on federal habeas
17 review.[1]  Preiser, 411 U.S. at 498-499; Badea v. Cox, 931 F.2d 573,
18 574 (9th Cir. 1991).

19 **DISCUSSION**

20     Petitioner does not challenge the legality of his custody, but
21 rather seeks relief concerning specific conditions of confinement.
22 Accordingly, if he wishes to pursue his claims in federal court his
23 proper remedy is a civil rights action.  Petitioner is advised that,
24 if he wishes to pursue such an action, he must do so pursuant to the
25 Prisoner Litigation Reform Act of 1995 ("PLRA"), which requires, inter

---

[1] The court notes that, under California law, such challenges may sometimes be cognizable in habeas actions in state courts.

1 alia, that he first exhaust any administrative remedies, and that he
2 pay the full filing fee (by installment if necessary).

3 **ORDER**

4   **IT IS THEREFORE ORDERED** that judgment be entered dismissing the
5 present petition without prejudice to Petitioner pursuing a civil
6 rights action in an appropriate court.

7   **IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of
8 this Order and the Judgment herein on petitioner.

10 DATE:__JAN. 7, 2011_

12 _____
13 MANUEL L. REAL
   United States District Judge

   Presented by:
14 Dated:  January 5, 2011

16 _____
17    CARLA M. WOEHRLE
   United States Magistrate Judge